**In re Madeline Alma TAUSCHER, Gerald Joseph Tauscher, Debtors.**

**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**Gerald Joseph TAUSCHER, individually and doing business as Wagon Master, Trout Creek Enterprises, Inc., and Wagon Master, Ltd., Wisconsin Corporations, Defendant.**

**Bankruptcy No. 80–00903.**
**Adv. No. 80–0307.**

United States Bankruptcy Court, E. D. Wisconsin.

Jan. 7, 1981.

Phyllis B. Dolinko, U. S. Dept. of Labor, Chicago, Ill., for plaintiff.

James F. Pressentin, Green Bay, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

D. E. IHLENFELDT, Bankruptcy Judge.

The plaintiff, Secretary of Labor of the United States, has assessed civil money penalties in the amount of $3100 against the defendant debtor, Gerald Joseph Tauscher, for child labor violations of § 16(e) of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.* Plaintiff now seeks a determination that these penalties are nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code, and that further enforcement proceedings are within the exception

provided by § 362(b)(4) to the automatic stay provisions of § 362(a).[1]

Prior to the commencement of this bankruptcy proceeding, a representative of the U. S. Department of Labor conducted an investigation of Tauscher's place of business under the Fair Labor Standards Act. The investigation led to charges that Tauscher, contrary to the Act, had employed 28 minors in the operation of heavy power equipment which was hazardous for such persons, and he was assessed civil money penalties of $3100. Tauscher filed an exception to the assessment, but the matter was not referred for administrative hearing due to a challenge to the constitutionality of § 16(e) of the Act.[2] On April 28, 1980, in *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980), the Supreme Court determined that § 16(e) was constitutional, but Tauscher had filed a petition under Chapter 13 of the Bankruptcy Code five days earlier.[3] Plaintiff now wishes to proceed with the hearing before an administrative law judge, and has moved for a summary judgment by this court declaring that § 362(a) of the Bankruptcy Code does not prevent him from so doing. Since the facts herein are not in dispute, the only issue being a question of law, this is an appropriate case for summary judgment. F.R.C.P. 56(c); Bankruptcy Rule 756.

The sections of the Bankruptcy Code here in issue provide as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

§ 362. Automatic stay.

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

As pointed out in 3 Collier on Bankruptcy (15th ed.) § 523.17, the Bankruptcy Act of 1898 made no specific provision concerning the dischargeability of fines and penalties due to a governmental unit, but it became well settled that such obligations were not provable and therefore held to be not dischargeable. Collier states further that in contrast to the Act, § 523(a)(7) of the Code "specifically excepts certain fines, penalties, or forfeitures that are payable to and for the benefit of a governmental unit." The legislative intent is set out succinctly in House Report No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

"Paragraph (7) excepts from discharge a debt for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, that is not compensation for actual pecuniary loss."

In addition to the administrative proceedings described above, which resulted in the assessment of the disputed penalties for child labor violations, the plaintiff filed a civil action in the U. S. District Court on February 14, 1979. The civil action sought recovery of unpaid minimum wage and overtime compensation for Tauscher's employees, and injunctive relief against various violations of the Fair Labor Standards Act, including the child labor violations

---

1. The two corporate defendants are allegedly alter egos of Tauscher.

2. The procedure in such cases is described in the *Jerrico* case, cited above.

3. The Tauscher case was filed under Chapter 13 on April 23, 1980, converted to Chapter 11 on August 4, 1980, and finally, on December 4, 1980, converted once again to Chapter 7.

which gave rise to the $3100 penalty assessment. At a pretrial conference early in these proceedings, the parties agreed that the back wages were dischargeable, and that the civil action might be stayed as to them, but that the injunctive portion of the action, by reason of § 362(b)(4), should not be stayed. Accordingly, an order was entered staying the civil action as to unpaid wages, but permitting it to continue with respect to the injunctive portion of the case.

■ Tauscher has referred to that portion of § 523(a)(7) which provides that tax penalties are nondischargeable only if the underlying tax is itself nondischargeable. He argues that since the back wages were admittedly dischargeable, the administrative penalties should also be discharged. The difficulty with the argument is that back wages are not taxes so as to be covered by that language in § 523(a)(7). Furthermore, the child labor penalties are independent of and not related to the claim for unpaid wages. This court believes and does find that the penalties here in dispute are not dischargeable.

Section 362(a) of the Bankruptcy Code provides that upon the filing of a debtor's petition there is a very broad and automatic stay of litigation and creditor action. Section 362(b) lists various exceptions to the automatic stay. The effect of an exception is not to make the action immune from injunction, but only to shift the burden of requesting relief to the debtor or trustee, and away from the excepted parties listed in § 362(b). No specific request for a stay or for relief from a stay has been made in this case, the only issue being the effect of § 362(a) and the exceptions thereto contained in § 362(b).

■ With respect to §§ 362(b)(4) and (5), House Report No. 95–595, 95th Cong., 1st Sess. (1977) 343 states, U.S.Code Cong. & Admin.News 1978, p. 6299.

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

From the foregoing, it may be seen that the Secretary is excepted from the automatic stay of § 362(a) and may continue with administrative procedures to the extent of fixing the penalties to be assessed for child labor violations, up to and including the entry of a money judgment. Enforcement of a money judgment would however be stayed by the automatic stay of § 362(a).

No cases have been found dealing with the issues here presented, perhaps because the language of the statute seems so clear and the intent of Congress so plainly evident. In accordance with the foregoing decision,

IT IS ORDERED pursuant to § 523(a)(7) of the Bankruptcy Code that the penalties for child labor violations of § 16(e) of the Fair Labor Standards Act are not dischargeable.

IT IS FURTHER ORDERED that by reason of § 362(b)(4), the administrative procedures involved in the assessment of penalties for child labor violations of § 16(e) of the Fair Labor Standards Act are excepted from the automatic stay provisions of § 362(a) of the Bankruptcy Code, provided however, that such exception does not extend to permit enforcement of a money judgment for such penalties.