In the Matter of PENN TERRA LIMITED, a corporation, also known as Penn Coal Company, a division of Penn Terra Limited, Debtor.

PENN TERRA LIMITED, Plaintiff,

v.

DEPARTMENT OF ENVIRONMENTAL RESOURCES, Commonwealth of Pennsylvania, Patti J. Saunders & Diana J. Stares, Defendants.

Bankruptcy No. 82–845.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 4, 1982.

■■■■■■■■■■

■■■■■■■■■■■■■

---

T. Lawrence Palmer, Pittsburgh, Pa., for debtor.

Dennis Strain, Pittsburgh, Pa., for Dept. of Environmental Resources, Com. of Pa.

Margaret L. McArdle, Pittsburgh, Pa., trustee.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is a Petition for Contempt filed on behalf of debtor, Penn Terra Limited, against the Commonwealth of Pennsylvania Department of Environmental Resources, hereinafter "DER." The Petition for Contempt arises from DER's continued pursuit of a mandatory injunction against debtor in Commonwealth Court of Pennsylvania seeking debtor's expenditure of funds for correction of its violations of the Pennsylvania Clean Streams Act and Surface Mining Conservation and Reclamation Act. DER initiated the action in Commonwealth Court subsequent to the debtor's filing of a petition under Chapter 7 of the Bankruptcy Code; and pursued the litigation despite its receipt of the trustee in bankruptcy's petition to remove the action from Commonwealth Court to Bankruptcy Court. The Commonwealth Court proceeding ultimately resulted in that Court's entry of an order requiring the debtor to expend funds for correction of its violations.

At the June 29, 1982 hearing on the Petition for Contempt, this Court dismissed the contempt proceedings against Diana J. Stares and Patti J. Saunders, counsel for DER. The Petition for Removal was remanded to Commonwealth Court as to Harvey Taylor, alleged president of debtor corporation; and retained as to Penn Terra Limited, debtor herein. DER was enjoined from enforcing the order of the Commonwealth Court of Pennsylvania entered against debtor and Margaret L. McArdle, trustee, pending determination of the aforesaid matter.

The serious issues presented for determination involve the applicability of the automatic stay provisions of 11 U.S.C. § 362, and removal provisions of 28 U.S.C. § 1478 to the action brought by DER against debtor in Commonwealth Court.

■ DER contends that it is neither subject to the automatic stay provisions nor the removal provisions, for it is a governmental unit proceeding to enforce its police and regulatory powers. Based upon the facts, legislative history, and case law that follow, the Court concludes that there is no sensible basis for its position. For the reasons set forth below, the Court holds that the action initiated by DER in Commonwealth Court wherein a mandatory injunction requiring debtor's expenditure of funds was sought is in essence an attempt to enforce a money judgment. As such, it is not exempt from the automatic stay provisions of § 362 of the Bankruptcy Code. Nor is it exempt from removal under 28 U.S.C. § 1478.

The facts are as follows. Penn Terra Ltd. is a Pennsylvania corporation engaged in contract coal stripping. It filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on March 15, 1982. Debtor had ceased all operations prior to that date. On Schedule B–2, debtor lists personal property in the approximate amount of $14,000, $13,500 of which is designated as "certificates of deposit on deposit with DER; bonds for backfilling." The schedules further note that the cost of reclamation vastly exceeds the market and book value of the bonds. Debts listed on the schedules exceed $660,000.

In November, 1981, prior to the filing of the bankruptcy petition, DER, Penn Terra Ltd., and Harvey Taylor, its president, executed a consent order and agreement arising from Penn Terra's violation of the Clean Streams Law (Act of June 22, 1937, P.L.1987, as amended 35 P.S. § 691.1 et seq.); the Surface Mining Conservation and Reclamation Act, (Act of May 31, 1945, P.L.

1198 as amended 52 P.S. § 1396.1 et seq.); and Mining and Mine Drainage Permits. Among the various violations cited therein are the following: mining of bonded area; failure to maintain adequate backfilling equipment; failure to maintain adequate erosion and sedimentation controls; failure to pump pit water accumulations; failure to properly treat mine drainage; storage of top strata over gas lines; and failure to seal a deep mine pit. The consent agreement required Penn Terra to complete all backfilling by operating one D–8 bulldozer or its equivalent, and one tractor scraper for eight hours a day, five days a week until reclamation of said mines was completed. Penn Terra was also required to submit soil erosion and sedimentation control plans; implement the same upon approval of DER; dewater all pits; restore and revegetate original contour; seal deep mine entry; submit plans for removal of top strata stored over gas line; and implement said plan upon DER approval. The agreement provided that failure to restore said mines by the date specified therein would result in Penn Terra's rebonding of the entire area.

On April 14, 1982, approximately one month subsequent to the commencement of the bankruptcy proceedings, DER filed a complaint in equity against debtor at No. 838 C.D.1982. DER did not receive notice of the bankruptcy petition until April 29, 1982. Included in the various counts of the complaint were the following: I) failure to comply with the consent order and agreement; II) mining off permitted area; III) failure to backfill concurrently with mining; IV) failure to maintain adequate backfilling equipment on the site; V) failure to revegetate affected areas; VI) failure to seal a deep mine opening; VII) storage of top soil over gas line; and VIII) mining within 100 feet of stream barrier.

On April 27, 1982, the Commonwealth Court set the hearing on DER's complaint for May 24, 1982. Immediately prior to the May hearing date, the Trustee in bankruptcy filed a petition for removal of the complaint in equity from the Commonwealth Court to the Bankruptcy Court. Trustee alleges therein that the Bankruptcy Court has exclusive jurisdiction of all matters which deal with assets of the debtor; and over all injunctions which require future use, distribution, or expenditure of debtor's funds.

On May 21, 1982, the petition for removal was personally served upon DER and Diana J. Stares, Esq. by counsel for the debtor. A copy of the petition was mailed to the Commonwealth on the same date. Nonetheless, Diana J. Stares and Patti J. Saunders appeared at the May 24, 1982 Commonwealth Court hearing on behalf of DER to request that the Court issue a preliminary injunction against Penn Terra Ltd. and Harvey Taylor to enforce the terms of the November 1981 consent agreement. During the Commonwealth Court proceeding, Ms. Stares informed the Court that although she was in receipt of the petition for removal, she was uncertain as to its effect upon the corporate defendant's liability. Penn Terra did not appear at the hearing, nor did counsel appear on its behalf. Ms. Stares continued in the presentation of DER's case, and extensive testimony was offered on DER's behalf. The Commonwealth Court filed a Memorandum Opinion and Order wherein relief requested was granted with respect to the corporate defendant. By Order of Commonwealth Court of May 24, 1982, Penn Terra was ordered to perform the following: 1) by October 15, 1982, complete all backfilling and final grading at the Hilty Surface Mine; 2) within fifteen days of the date of order, submit erosion and sedimentation plans, 3) within fifteen days, seal the deep mine opening; submit plans for removal of all strata stored over gas line; and effectuate such plan upon approval from DER. All top soil spreading, mulching, and seeding was to be completed no later than October 15, 1982.

On May 27, 1982, Counsel for the debtor filed a petition for contempt against DER, Diana J. Stares and Patti J. Saunders. Therein, Counsel for the debtor alleges that DER proceeded with the application for preliminary injunction in Commonwealth Court in disregard of the trustee's petition to remove the action to the Bankruptcy Court.

At the June 29, 1982 hearing on the petition for contempt, said petition was dismissed as to individuals Diana J. Stares and Patti J. Saunders. The petition for removal as to Harvey Taylor was remanded to the Commonwealth Court; and the petition for removal as to Penn Terra was retained. This Court further ordered that DER be enjoined from enforcing the May 24, 1982 Order from the Commonwealth Court pending final determination of the aforesaid matter.

In its brief, DER argues that under 11 U.S.C. § 362(b)(4), the filing of a bankruptcy petition does not operate as a stay of a governmental unit's proceeding to enforce its police or regulatory power. DER further avers that under 28 U.S.C. § 1478, the power to remove does not extend to a civil action by a governmental unit to enforce police powers; and as such, the attempted removal is a nullity. Finally, DER asserts that since it is subject to neither the automatic stay provisions of § 362, nor the removal provisions of § 1478, the Bankruptcy Court is presently without jurisdiction over the action brought by DER in Commonwealth Court.

On the other hand, debtor argues that a mandatory injunction requiring debtor to expend funds is in essence an action by a regulatory agency for the enforcement of a money judgment; and as such, DER's action is subject to the automatic stay. Debtor further argues that DER cannot elect to disregard a removal petition, but rather must litigate its effect before the Bankruptcy Court. For the reasons set forth below, the Court agrees.

Section 362(b)(4) of the Bankruptcy Code provides as follows:

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

The legislative history of § 362(b)(4) further provides: "Where a governmental unit is suing a debtor to prevent or stop violation of a fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." House Report No. 95–595, 95th Cong. 2d Sess. at 343 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299.

Section 362(b)(4) has been the subject of numerous recent decisions. In various situations, the Courts have upheld a governmental unit's action against a debtor as a valid exercise of police or regulatory power. As such, it is exempt from the automatic stay provisions of § 362. The United States Bankruptcy Appellate Panels of the Ninth Circuit recently held that a proceeding initiated by the State of California for purposes of examining the conduct of a debtor physician charged with gross negligence was a valid exercise of police power necessary for the health and safety of its residents. Accordingly, the exemption from the automatic stay provisions set forth in 362(b)(4) was applicable. *In re Thomassen*, 15 B.R. 907 (9 Cir.Bkrtcy.App. 1981). In *NLRB v. Evans Plumbing Co.* 639 F.2d 291 (5th Cir.1981) a National Labor Relations Board's petition for summary judgment to enforce a Board's decision ordering debtor's reinstatement of two employees who were discriminatorily discharged fell within the § 362(b)(4) exception to the automatic stay, although the NLRB's actions were subject to certain limitations discussed below. In *In re Tauscher*, 7 B.R. 918, 7 B.C.D. 124, 3 C.B.C.2d 536 (Bkrtcy.E.D.Wisc.1981), the actions by the Secretary of Labor in assessing civil money penalties against debtor for violation of child labor laws was excepted from the automatic stay. The Secretary was permitted to fix penalties, up to and including the entry of a money judgment. Similarly, the administration of worker's compensation claims by the State of Ohio is a valid exercise of a governmental unit's regulatory power, and is exempt from the automatic stay. *In re Mansfield Tire and Rubber Co.* 660 F.2d 1108 (6th Cir.1981).

Although Congress has provided an exemption from the automatic stay for governmental proceedings in the exercise of police or regulatory power, the legislative history indicates that the exception must be narrowly construed.

This section is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the health and safety and not to apply to actions by a governmental unit to protect the pecuniary interest in the property of the debtor or property of the estate. (124 Congressional Record H 11089, 11 U.S. Code Congressional Administrative News 660–61 [December, 1978] ).

In line with the narrow construction, some governmental actions have not been excepted from the provisions of the automatic stay. Thus, the Commissioner of Motor Vehicles, who is authorized by statute to suspend the license of an uninsured motorist involved in a motor vehicle accident unless sufficient security is provided, is subject to the automatic stay. The Court concludes: "if the focus of the police power is directed at the debtor's financial obligations rather than the state's health and safety concerns, the automatic stay is applicable." *In re Sampson,* 17 B.R. 528, 530, 8 B.C.D. 992 (Bkrtcy.D.Conn.1982). A housing authority's action to seek eviction of a tenant for nonpayment of rent is also subject to the automatic stay. *In Matter of Gibbs,* 9 B.R. 758, 7 B.C.D. 445 (Bkrtcy.D. Conn.1981). Similarly, an action by a state public health agency to terminate debtor hospital's operating license violated the automatic stay. Although the case was decided under the Bankruptcy Act, the Court states that the same result would follow under the Code. *In re Saugus General Hospital, Inc.,* 7 B.R. 347, 4 B.C.D. 1160, 19 C.B.C. 651, 1 C.B.C.2d 26 (Bkrtcy.D.Mass. 1978). A state health department's action to forfeit debtor hospital's exemption for certificate of need review in the construction of a new hospital facility is also subject to the automatic stay, for the § 362(b)(4) exception is narrow, and applies only to those actions necessary for the protection of public health and safety. *In re King Me-*

*morial Hospital, Inc.* 4 B.R. 704, 6 B.C.D. 634, 2 C.B.C.2d 639 (Bkrtcy.S.D.Fla.1980).

Thus, it is clear that the Courts have reached different results in determining whether various governmental actions fall within the exceptions to the automatic stay set forth in § 362(b)(4). However, on the basis of § 362(b)(5), the Courts are in agreement that the enforcement of a money judgment by a governmental unit is impermissible. Section 362(b)(5) provides as follows:

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

The legislative history further provides: Paragraph 5 makes clear that the exception extends to permit the entry of a money judgment, but does not extend to permit the enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors. House Report No. 95–595, 95th Cong., 2d Sess. at 343 (1977), U.S.Code Cong. & Admin. News 1978, p. 6299.

Thus, in recent decisions the Courts have restrained the state's attempted enforcement of a money judgment. *In re Fintel,* 10 B.R. 50, 7 B.C.D. 531 (Bkrtcy.D. Ore.1981); *In re Barber,* 13 B.R. 962, 8 B.C.D. 188, 5 C.B.C.2d 150 (Bkrtcy.N.D.Tex. 1981). As previously stated, in *NLRB v. Evans Plumbing, supra,* the Fifth Circuit permitted the entry of a judgment for injunctive relief and for back pay. However, the Court expressly refrained from ruling upon whether an action to enforce a money

judgment would be exempt from the stay. Further, although the Secretary of Labor may fix penalties for the debtor's violation of child labor laws, the enforcement of a money judgment is stayed. *In re Tauscher, supra.* The Commonwealth of Pennsylvania's attempt to enforce a money judgment against debtor for violation of unfair trade practices law is also stayed. *In re Flick,* 14 B.R. 912, 5 C.B.C.2d 494 (Bkrtcy.E.D.Pa. 1981).

Of particular interest in resolution of the case at bar is the recent Sixth Circuit decision of *In re William Lee Kovacs* 681 F.2d 454 (6th Cir.1982). Therein, debtor, engaged in the business of waste disposal, was sued by the State of Ohio on the basis of its water pollution. Debtor signed a stipulation and judgment entry in the Common Pleas Court of Ohio wherein he was enjoined from further pollution and required to remove industrial waste from the specified site within twelve months. As a result of debtor's noncompliance, a receiver was appointed and directed to correct the violations. Debtor filed a petition under Chapter 11 of the Bankruptcy Code in the Southern District of Ohio in July, 1980. The case was converted to a Chapter 7 in September, 1980. The state of Ohio filed a motion in Common Pleas Court for a hearing to determine debtor's employment status and income. In response thereto, debtor sought to restrain the Ohio state court proceedings. The Bankruptcy Court held that the action by the state of Ohio was not exempt from the automatic stay of § 362(a)(2). As stated by the Bankruptcy Court: "There is no difference in substance between efforts to collect money from a debtor by securing a court order, and efforts to enforce a money judgment against him." (p. 456) In affirming the. opinion of the Bankruptcy Court and District Court, the Sixth Circuit reiterates that a governmental unit is denied the power to collect money in their enforcement efforts. "We further concur with the conclusion of the bankruptcy court and the district court that the state of Ohio, in its state court proceeding, was seeking what in essence amounted to a money judgment against Kovacs, which was properly subject to the automatic stay." (p. 456)

This Court adopts the reasoning set forth in *In re Kovacs,* and reaches a similar conclusion in the case at bar. Although DER characterizes its action as a governmental action in the exercise of its police or regulatory powers, it seeks a mandatory injunction requiring the debtor's expenditure of funds for the correction of violations. This Court concludes that the mandatory injunction sought by DER requiring the debtor's expenditure of funds is in essence the attempted enforcement of a money judgment. As such, it is subject to the automatic stay by virtue of § 362(b)(5).

■ Assuming arguendo that the governmental action in the case at bar was not stayed by § 362 of the Code, § 105 gives the Court broad powers to "issue any order, process or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code." Further, where government regulatory proceedings threaten assets of the debtor's estate, the Court can, in its discretion, impose a stay. *Matter of·Shippers Interstate Service, Inc.* 618 F.2d 9 (6 Cir.1980).

Having concluded that DER's action in the case at bar was subject to the automatic stay, the Court now turns to the issue of removal. DER argues that on the basis of 28 U.S.C. § 1478, its action was not subject to removal. It further argues that since the removal was unauthorized, it is of no effect, and the Bankruptcy Court is presently without jurisdiction over the case at bar.

■ The Court first examines the general principles of removal. An order removing an action to federal court holds the state court's jurisdiction in abeyance until the action is terminated or remanded to state court. *Doerr v. Warner,* 247 Minn. 98, 76 N.W.2d 505 (1956), cert. dismd. *Warner v. Doerr,* 352 U.S. 801, 77 S.Ct. 20, 1 L.Ed.2d 37 (1956). Any further proceeding in state court is a nullity unless the case is remanded. *Hopson v. North American Co.* 71 Idaho 461, 233 P.2d 799 (1951). If necessary the federal tribunal may issue an in-

junction to prevent further activity in the state court. *Lowe v. Jacobs,* 243 F.2d 432 (5th Cir.1957), cert. den. *Lowe v. Jacobs* 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957).

Now turning to the removal statute as it appears in the Bankruptcy Code, 28 U.S.C. § 1478 provides as follows:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the bankruptcy court for the district where such civil action is pending if the bankruptcy courts have jurisdiction over such claim or cause of action.

As previously determined, DER's action is in essence the attempted enforcement of a money judgment against the debtor. As such, it cannot accurately be characterized as a "civil action by a governmental unit to enforce such governmental unit's police power or regulatory power." Moreover, it is clearly not the type of action Congress intended to bar from removal to the Bankruptcy Court. As stated by the Eighth Circuit in *State of Missouri v. U.S. Bankruptcy Court for the Eastern District of Arkansas,* 647 F.2d 768 (8th Cir.1981):

In light of the legislative history and court decisions under the earlier bankruptcy act, we believe that the term "regulatory or police powers" refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property. (p. 776).

For the reasons that follow, the Court concludes that DER's action in the case at bar is of necessity removable to the Bankruptcy Court. As of the commencement of a bankruptcy action, the Bankruptcy Court acquires exclusive jurisdiction over all property wherever located of the debtor. 28 U.S.C. § 1471(e). The underlying goals are efficiency of administration and equality of distribution to creditors. A governmental unit's enforcement of a monetary judgment would give the governmental unit an unfair advantage over other creditors and would effectively subvert the scheme of priorities set forth in § 507 of the Code. Collier on Bankruptcy, 362.05 at 362–40 (15th Ed. 1982). To bar removal of such an action under the guise that it is a governmental action in the enforcement of its police or regulatory power is to effectively thwart the bankruptcy court's exclusive jurisdiction over property of the debtor.

In response to DER's argument that this Court is without jurisdiction in the matter of bar, it is clear that the Bankruptcy Court has jurisdiction to consider a governmental unit's activity which affects the assets of the debtor. *In re Mason,* 18 B.R. 817, 8 B.C.D. 1251 (Bkrtcy.W.D.Tenn.1982). Moreover, the bankruptcy removal statute is a federal statute, and federal law governs its interpretation. *In re Tidwell,* 4 B.R. 100, 6 B.C.D.2d 172 (Bkrtcy.N.D.Tex.1980). As stated in Moore's Federal Practice:

Jurisdiction of the federal courts attaches when the removal petition is filed with the state court. The state court is deprived of jurisdiction to proceed with the removal action unless or until remanded, irrespective of whether the action is removable, which is a question for the federal court. Vol. 1A 0.168[3–8].

As a final note, it is unfortunate that DER has taken it upon itself to interpret the applicability of the automatic stay and removal provisions of the Code to its action at bar. Its mistaken conclusion that it is immune from the restrictions set forth in the Bankruptcy Code is an unfortunate display of bureaucratic arrogance. As stated by the Third Circuit in *In re Bildisco,* 682 F.2d 72 (3rd Cir.1982) "... we will not enforce a (National Labor Relations) Board order that cavalierly refuses to recognize an outstanding federal court order directly relating to the proceedings before it." (p. 84)

Given the obvious insolvency of the debtor, DER's pursuit of its action in state court subsequent to its receipt of the removal petition has resulted in the Commonwealth Court's entry of a meaningless order. Unfortunately, DER has sought to accomplish

indirectly what it is obviously not permitted to do directly. The result has been a regrettable waste of judicial time.

Based on the foregoing, the Court concludes that DER's action is subject to both the provisions of the automatic stay as set forth in 11 U.S.C. § 362, and the removal provisions as set forth in 28 U.S.C. § 1478. Accordingly, DER is permanently enjoined from enforcing the order of the Commonwealth Court of Pennsylvania entered against Penn Terra Limited and Margaret L. McArdle, trustee, on May 24, 1982. Further, on the basis of its contumelious conduct, the Court imposes a fine against DER in the amount of $2,500. (Twenty-five hundred dollars). The Court further awards counsel fees in the amount of $150. (One hundred fifty dollars) to T. Lawrence Palmer, attorney for the debtor and $50, (Fifty dollars) to Margaret L. McArdle, trustee.

Appropriate orders will be entered.