In re Freddie and Carrie ANDERSON, Debtors.

Ricky D. McCULLOUGH, Melvin J. Simpson, Anthony Jones, Willie Cunningham, Thomas Aikens and Robert Austin, Plaintiffs,

v.

Freddie Lee ANDERSON, Defendant.

Michael EPPS, Earl Holmes, James Farlar & Barry Farlar, Plaintiffs,

v.

Freddie Lee & Carrie Mae ANDERSON, Defendants.

Bankruptcy No. 82–02491–BKC–TCB. Adv. Nos. 83–0273–BKC–TCB–A, 83–0274–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

May 13, 1983.

---

Charles W. Stone, Fort Pierce, N.Y., for debtors/defendants.

Paul D. MacAulay, Farmworkers Legal Services of N.Y. Inc., Rochester, N.Y., for plaintiffs.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

These two adversary complaints are identical, except that they are filed by different individuals. The defendants/debtors have answered. The matters were tried on May 3. Without objection, the two matters were tried upon a single record.

Plaintiffs seek denial of discharge under 11 U.S.C. § 727(a)(4)(A) and alternatively, exception from discharge for their judgment claims under § 523(a)(6).

The facts are not in significant dispute. Each of the five plaintiffs in No. 83-0273 obtained a judgment in 1981 against the debtor/husband in the amount of $3,000. This judgment, entered by default, found that:

> "The violations of the Farm Labor Contractor Registration Act, 7 U.S.C. § 2041, et seq. by the defendant against each of the plaintiffs as set forth in Counts One through Six of the Complaint to have been intentional..."

The Counts in question had charged that during the summer of 1980, Anderson recruited the plaintiffs in South Carolina, transported them to North Carolina and then to New York for farm labor in violation of six specific requirements of the statute. He did not provide plaintiffs with the terms and conditions of their employment in writing and he failed to post that writing. He provided a driver who was not properly registered under the act. And he provided non-conforming housing. In addition, it was alleged and found, by default, that he did not have a certificate of registration in effect as a Farm Labor Contractor. However, the balance of the record before me establishes that he was so registered at that time. The Act permits a maximum assessment of civil damages in the sum of $500 for each violation, without proof of any actual damages. This was the basis of the judgment.

The four plaintiffs in No. 83-0274 obtained a judgment in 1982 against both debtors and a third party. The judgment in favor of Epps and Holmes awarded each $2,700. The remaining two plaintiffs were each awarded $3,700. This judgment followed a trial which had been defended. The court found that the two debtors were registered Farm Labor Contractors engaged in a partnership venture, that they recruited the four plaintiffs (with other laborers) in Florida, and that they transported them to North Carolina and then to New York for two weeks during the summer of 1980. The debtors were found to have violated the regulation requiring a written disclosure of the terms of employment and the posting of that writing as well as the technical requirement that they exhibit their certificate of registration as Farm Labor Contractors. These violations were identical to those charged in the previous case. In addition, here, they were charged and found guilty of failure to keep records, failure to pay money due and failure to post the charges made for meals. Again, the court assessed the maximum civil award for most violations. There was no proof of actual damages.

In both cases, although fraud had been charged, each court found there was no proof of fraud.

Plaintiff has essentially rested upon the foregoing findings. None of the plaintiffs appeared or testified. Neither judgment undertook to find that the debtors' conduct was "willful" although each judgment found that the conduct was "intentional" in the sense that it was not inadvertent and that the debtors' are presumed to have intended the consequences of their actions. Similarly, neither judgment found that the conduct of the debtors was "malicious".

It is plaintiffs' contention that each of the foregoing judgments must be excepted from discharge under 11 U.S.C. § 523(a)(6), which excepts:

> "... any debt (6) for willful and malicious injury by the debtor to another entity or to the property of another entity...".

The term "entity" includes persons.

The debtors, two middle-aged, apparently unsophisticated blacks have not disputed

the entry of the judgment nor the liabilities created by the judgment. Their position is that they did not willfully and maliciously violate the Act. They admit that they had previously been charged with violations and fined in administrative proceedings during which they received copies of the Act and regulations, but they professed ignorance of the regulations and they deny they have ever violated the same regulation twice.

■ The two judgments and the findings in the Epps judgment constitute neither res judicata nor collateral estoppel of any issues in this case. *Brown v. Felson,* 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979); *Carey Lumber Co. v. Bell,* 5 Cir. 1980, 615 F.2d 370, 377. However, each judgment establishes prima facie evidence of the facts reflected in the judgment and the debtors had the burden to come forth with evidence to overcome those facts or the facts reasonably inferred from that record. I find that the debtor husband in No. 83–0273 and each debtor in No. 83–0274 knowingly violated the Farm Labor Contractor Registration Act of 1963 in the instances which gave rise to the judgments at issue here.

■ The provisions of § 523(a)(6) are not distinguishable from the provisions in the former bankruptcy act. Those provisions have acquired a generous interpretation. The word "willful" merely means a deliberate and intentional act which necessarily leads to injury. There is no requirement that there be any bodily injury. It is enough if a person suffers economic injury. *Collier on Bankruptcy* (15th ed.) ¶ 523.16[1]. Following this precedent, it was held by a District Judge in *In re Gurda Farms, Inc.,* S.D.N.Y., 1981, 15 B.R. 868, 876 that:

> "One who violates the FLCRA knowingly is guilty of willful and malicious conduct within the meaning of section 17(a)(8)."

In that case, the court reversed a Bankruptcy Judge who had denied a motion for summary judgment excepting from discharge judgments for 13 migrant workers entered for violations similar to those established here. This is the only reported decision to my knowledge dealing with the status of judgments under this particular statute. Although I am not bound to follow that decision, I believe that it accurately reflects the judicial gloss attached to the comparable provision of the former Act. It must be presumed that no change was intended under the present Code. Therefore, I conclude that these judgments are also excepted from discharge.

In addition, the judgment in favor of the four plaintiffs in No. 83–0274 assesses against both debtors under 29 U.S.C. § 216(b) amounts for unpaid wages, liquidated damages equal to the unpaid wages and attorney fees for violation of the Fair Labor Standards Act, 29 U.S.C. § 206. Plaintiffs seek to have this additional sum excepted from discharge under § 523(a)(6).

A civil money penalty for violation of the child labor provisions of the Fair Labor Standards Act has been held to be nondischargeable under § 523(a)(7). *In re Tauscher,* Bkrtcy.E.D.Wis.1981, 7 B.R. 918, 920. That court specifically distinguished the child labor penalty as being independent of and not related to the claim for unpaid wages, which was conceded to be dischargeable. *Id.*

■ The plaintiffs have failed to establish that a claim for unpaid wages, even though statutory and involving a related civil money penalty, is an injury to person or property to constitute an exception to discharge under § 523(a)(6). Those portions of plaintiffs' judgment based on the debtors' violation of the Fair Labor Standards Act are dischargeable.

As is required by B.R. 921(a), a separate judgment will be entered so providing. Costs may be taxed on motion.

■ I have made no earlier reference to plaintiffs' contention that the debtors' discharge should be denied under § 727(a)(4)(A): [that the debtors]

> "... knowingly and fraudulently in or in connection with the case (A) made a false oath or account"

because plaintiffs have failed to establish this charge. Plaintiffs have charged that

defendants failed to list or disclose the foregoing judgment debts in their bankruptcy petition or schedules. The bankruptcy schedules disclose the judgments fully and accurately. The names of the plaintiffs are not separately listed as creditors, together with their addresses as also required. I accept the explanation given for this omission, that the debtors' attorney prepared the schedules believing that it was not necessary to list judgment creditors in any manner other than he did. I find no knowing or fraudulent false oath by either debtor in this respect.

█ At trial, plaintiffs attempted to amend their complaint to charge a false oath through understatement of the debtors' previous income. That oral request was denied. The time for filing such charges has expired. Interim Rules 4002 and 4003. An amendment may not be permitted expanding those charges after the expiration of the deadline. Furthermore, the debtors were not given a reasonable opportunity to defend against the expanded charges.

Accordingly, the separate judgments will dismiss the counts in each case which seek denial of discharge under § 727(a)(4).