In re Freddie & Carrie Mae
**ANDERSON, Debtors.**

**Michael EPPS, Earl Holmes, James Farlar and Barry Farlar, Plaintiffs,**

v.

**Freddie & Carrie Mae ANDERSON, Defendants.**

**Bankruptcy No. 82–02491–BKC–TCB.**
**Adv. No. 83–0274–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

July 21, 1983.

Paul MacAulay, Rochester, N.Y., for plaintiffs.

Charles A. Stone, Fort Pierce, Fla., for defendants.

## ORDER DENYING PLAINTIFFS' MOTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiffs have moved to amend the judgment (C.P. No. 20) and for reconsideration

(C.P. No. 21) of the judgment (C.P. Nos. 17 and 18) entered May 20. That judgment granted plaintiffs all the relief they sought except with respect to about $520 of unpaid wages. They now want their judgment for that claim (under the Fair Labor Standards Act) excepted from discharge as well as their much larger claims under the Farm Labor Contractor Registration Act, which have already been excepted from discharge.

The motions were heard on July 20. They are denied, 30 B.R. 229.

The basis for distinguishing the claims under these two statutes is stated at page 6 of the Memorandum Decision (C.P. No. 17) and need not be repeated.

At the hearing, plaintiffs' counsel argued that *In re Tauscher,* Bkrtcy.E.D.Wisc.1981, 7 B.R. 918, 920 supported plaintiffs' position. I disagree. In that case, the claim under the FLSA for *back wages* was held dischargeable. In fact, the court recites that:

"At a pretrial conference early in these proceedings the parties agreed that the back wages were dischargeable."

The court held that the claim under the FLSA for *child labor penalties* was:

"independent of and not related to the claim for unpaid wages"

and was not dischargeable. I believe that I correctly cited this case as supporting my holding. There are no child labor penalties involved here.

The child labor penalties were found to be nondischargeable under § 523(a)(7). This action was brought and tried under § 523(a)(6). Plaintiffs' reliance on *Tauscher* is misplaced.

The central thrust of plaintiffs' 16 page memo is that farm laborers are so readily victimized that their unpaid wage claims ought to be excepted from bankruptcy discharge. The same might be said for widows, minors, prisoners, the sick and infirm, illiterates and countless other disadvantaged persons. However, the adjustment of the balance between these concerns and the goal of a fresh start for debtors is a legislative not a judicial responsibility. There is no existing statutory predicate to except another $520 in claims for these plaintiffs. The efforts of counsel to expand the law should be addressed to Congress, not this court.

Plaintiffs at the hearing abandoned their prayer for further in forma pauperis findings in order to take an appeal. The fee for appeal is $10.