In re COMPTON CORPORATION, Debtor.

In re GRATEX CORPORATION, Debtor.

COMPTON CORPORATION, By and Through Walter KELLOGG, Trustee, and Gratex Corporation, By and Through Charles Dick Harris, Trustee, Plaintiffs,

v.

The UNITED STATES of America, DEPARTMENT OF ENERGY, Defendant.

Bankruptcy Nos. 782–00055, 782–00054. Adv. No. 784–7024.

United States Bankruptcy Court, N.D. Texas, Wichita Falls Division.

June 27, 1984.

David R. Snodgrass, Philip J. Nicholson, Dallas, Tex., for Compton/Gratex.

Arthur S. Weissbrodt, Thomas A. Schweitzer, U.S. Dept. of Energy, Washington, D.C., for DOE.

## MEMORANDUM OPINION

JOHN C. FORD, Bankruptcy Judge.

On June 13, 1984, the Court held a hearing on the Complaint of Compton Corporation and Gratex Corporation, by and through their duly appointed trustees, seeking preliminary injunctive relief against the United States Department of Energy. At the conclusion of the hearing, the Court entered its oral findings of fact and conclusions of law on the record and in open court granting the injunction. The purpose of this Memorandum Opinion is to supplement the Court's oral findings and conclusions.

## FINDINGS OF FACT

In May 1982, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the Debtors. Thereafter, the Debtors converted to a Chapter 11 and attempted to carry on their business of oil purchasing and salt water hauling as usual. An interim trustee was appointed in August 1982 under Chapter 11 and liquidation of the assets of Debtor commenced. On or about January 7, 1983, the United States of America, Department of Energy ("DOE") filed proofs of claim in this proceeding alleging overcharge liability to the DOE of $6,065,681.93. The Debtors filed an objection to the DOE claim on grounds that it should be subordinated to all other claims as a penalty. The DOE elected to initiate its own claim determination proceeding to collect these alleged overcharges by issuing a Proposed Remedial Order ("PRO") on April 26, 1984. Notice of the Issuance of the PRO was published in the Federal Register on May 16, 1984. Paragraph VI(3) of the PRO requires that "Compton Gratex" deliver to the DOE a certified check in the amount of $8,851,300.93 plus interest for the alleged overcharges. If the Debtors fail to comply, they will be subject to daily fines and penalties and sanctions of $40,000 per violation or imprisonment. May 31, 1984 was the date set for filing Notices of Objection by the Debtors in order to avoid default judgment. This deadline was extended until June 15, 1984 by the DOE in order for this Court to conduct a hearing on the Debtor's motion for preliminary injunction. A hearing was held on April 4, 1984 in which this Court ruled the DOE's claim was a penalty and, therefore, subordinated to all other creditors' claims in this case. A hearing was then held June 13, 1984 in which this Court ordered that the DOE be enjoined from pursuing its claim in the Office of Hearing, and Appeals and allowed the claim of $8,851,300.93, but subordinated it to all other creditors' claims pursuant to the April 4, 1984 hearing.

## CONCLUSIONS OF LAW

The Debtors object to the DOE claim and the administrative proceeding in the Office of Hearing and Appeals on the ground that they are in contravention to the automatic stay provisions of Section 362 of the Bankruptcy Code. Debtors argue that the DOE proceeding is in violation of the automatic stay provisions since that action was commenced after the filing of the bankruptcy petition and is not to enforce police or regulatory power. In response, the DOE

argues that it is not subject to the automatic stay provisions since it is a governmental agency seeking to enforce a police regulatory power. DOE also contends that the Debtors are not entitled to injunctive relief because they neither allege nor establish the prerequisites for an injunction. Another DOE contention is that the Court cannot enjoin DOE under Section 105 of the Bankruptcy Code. DOE suggests that it would be contrary to the interests of all the parties to this case, as well as the public interest, for the Court to delay the liquidation claim for the alleged overcharges.

■ This Court will first consider the jurisdictional issue raised by the DOE concerning Section 105 of the Bankruptcy Code. The DOE argues that this provision does not provide a jurisdictional basis for this Court to issue injunctive relief against it. To the contrary, this Court may enjoin a proceeding by a governmental unit to enforce its regulatory powers pursuant to 11 U.S.C. § 105(a) according to the legislative history accompanying the enactment of that section and the legislative history accompanying 11 U.S.C. § 362(b)(4). *Securities and Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429, 439–440 (5th Cir.1981). The bases for this Court's injunctive powers are Section 105(a) and 28 U.S.C. § 1481. As a court of law and equity, this Court is vested with the power and authority to issue a wide range of injunctive relief. *Ex parte Baldwin* 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934). This is particularly true, where in a case such as this, the DOE's proceedings and liquidation of its claim will interfere with or threaten the assets of the estate. If the DOE's claim of $8,851,300.93 were to be allowed and liquidated, it would substantially deplete the Debtors' estate leaving almost nothing to thousands of creditors who have suffered an actual loss.

The DOE argues that its administrative proceedings are not subject to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. It argues that since its proceedings are to enforce its police and regulatory powers that it is specifically exempted under Section 362(b)(4) of the Bankruptcy Code. This Court disagrees with the position argued by the DOE. It is this Court's opinion that the continuation of the DOE proceedings under the circumstances of this case is contrary to the provisions of 11 U.S.C. § 362, since such proceedings were not commenced and are not continued to enforce police or regulatory power. Specifically, the pricing regulations alleged to have been violated by the Debtors were repealed long before the initiation of this case before this Court. Furthermore, Debtors are not being operated as a business and will not in the future operate as a business. Accordingly, the DOE is not regulating or policing any existing activity. The DOE, instead, seeks to recover fines and penalties related to alleged overcharges which occurred prior to the DOE commencing its proceedings.

■■ The automatic stay provisions of Section 362 of the Bankruptcy Code is one of the most fundamental protective devices afforded to a Debtor. There is no doubt that its scope of protection is broad and designed to stay all proceedings, including administrative and judicial proceedings. *Matter of R.S. Pinellas Motel Partnership*, 2 B.R. 113 (Bankr.Fla.1979); *In re Stack Steel & Supply Company*, 28 B.R. 151 (Bankr.Wash.1983); *Matter of Penn Terra, Ltd.*, 24 B.R. 427 (Bankr.Pa.1982); and *In re Lee*, 25 B.R. 135 (Bankr.Pa.1982). It was Congress' intent as expressed in the legislative history of Section 362 to prohibit creditors, including governmental units, from taking any actions against the Debtor during the bankruptcy proceeding. *Matter of Haffner*, 25 B.R. 882 (Bankr.Ind.1982). The Debtors, "Compton-Gratex", are entitled to have enjoined the administrative proceedings brought against them by the DOE. The Debtors and their creditors will be prejudiced if they are required to litigate the DOE matter before the Office of Hearing and Appeals which will hinder the continuation of their bankruptcy action. See *In re Vantage Petroleum Corporation*, 25 B.R. 471 (Bankr.N.Y.1982).

This Court does not seek to bury the DOE's claim to ensure that it is not heard or liquidated in any forum. This claim was

allowed in full in a hearing before this Court on June 13, 1984. The Court agrees that such a claim may exist, and if it does it must be subordinated to all other creditors' claims. The DOE has an opportunity to collect its $8,851,300.93 claim after all the other true creditors of the Debtors have been paid their claims. The DOE's right is, therefore, perfected and protected under the bankruptcy proceedings before this Court.

The DOE asserts that the Debtors have failed to allege and satisfy the prerequisites for a grant of injunctive relief under Rule 7065 of the Bankruptcy Code. Rule 65 of the Federal Rules of Civil Procedure which provides for injunctive relief is incorporated by Bankruptcy Rule 7065 and made applicable to adversary bankruptcy proceedings. Before injunctive relief can be granted, the Debtors must satisfy four requirements. Compton-Gratex must meet their burden of proof with respect to the following four elements:

(1) that the Debtors have a substantial likelihood of success on the merits;

(2) that a substantial threat exists that the Debtors will suffer an irrep? `.ble injury if the injunction is not granted;

(3) that the threatened injury to the Debtors outweighs the threatened harm that the injunction will cause the DOE; and

(4) that the granting of the injunction will not disserve the public interest.

These elements are followed in this district as required by the Fifth Circuit Court of Appeals, *Commonwealth Life Insurance Co. v. Neal*, 669 F.2d 300, 303. See *In re International Crude Corporation v. United States Department of Energy*, Case No. 182–00085, Adversary No. 184–1015, (Bankr.Abilene May 25, 1984) (unpublished opinion). The DOE contends that the Debtors, Compton-Gratex, have failed to satisfy any of the four elements. To the contrary, the Debtors have met their burden of proof. The case before this Court is similar to the *In re International Crude Corporation*, case, *supra*, in which Judge Michael A. McConnell ruled that the debtors in that case had met the requirements for injunctive relief. This Court adopts Judge McConnell's finding that as to the first element of proof, the probability of success on the merits, does not readily apply to the Compton-Gratex case. The first element of proof does not readily apply since the merits of the dispute herein involve jurisdictional issues and the authority of this Court to resolve issues relative to the allowability of claims against the bankruptcy estate of Compton-Gratex. The Debtors have already prevailed on the merits of the jurisdictional issues through the denial of the DOE's Motion to Lift Stay. As discussed above, this Court has the jurisdiction to resolve an objection to claim and has the authority pursuant to Section 105 of the Bankruptcy Code to issue any order necessary to carry out that authority. The Court finds that Compton-Gratex has carried its burden of proof of establishing a reasonable probability of prevailing on the merits.

The facts and circumstances of this case clearly establish that a substantial threat exists that Compton-Gratex will suffer an irreparable injury if the injunction is not granted. The bankruptcy estate consists mostly of liquidated assets. Several thousand creditors claim approximately $10,-000,000 in this estate. These creditors will receive fifty percent of their investment if the DOE claim is not liquidated. However, if the DOE claim is liquidated, these real, living, suffering claimants will receive twenty-five percent or less on their returns. All funds marked for distribution will be withheld by the disbursing agent for several months or years before the DOE proceeding is concluded. The bankruptcy estate will remain in limbo until DOE holds its proceedings and then undertakes to identify all those individuals who have been allegedly overcharged by the Debtors. Then more proceedings will be required to determine whether these identified individuals, if any, were actually overcharged or whether the DOE gets to retain the full or part of the $8,000,000 in alleged overcharges. Additional proceedings and appeals will continue to keep the Debtors' estate and their creditors in an uncertain position for a lengthy period of time. Moreover,

these procedural delays may cause irreparable harm to the creditors of the bankruptcy estate of Compton-Gratex by delaying payments on their claims. In addition, the procedures of the Office of Hearing and Appeals does not insure that the claimants against Compton-Gratex will be entitled to intervene in the action before the DOE administrative tribunal. Without the right of intervention, the claimants of Compton-Gratex could be substantially harmed. It is this Court's opinion that these claimants' and the Debtors' interests, and rights are best protected in the bankruptcy court and not in the Office of Hearing and Appeals.

The Court further finds that the threatened injury to Compton-Gratex outweighs any threatened harm to the DOE if the injunction is issued. This Court has jurisdiction to make a determination on the DOE allegation and it is the best forum to protect all the parties' interests and rights.

The DOE argues that an injunction will disserve the public interest and welfare. In its briefs, the DOE suggests that a great number of unidentified individuals who were allegedly overcharged for oil will be harmed if an injunction is issued by this Court. Such action taken by the Court will circumvent DOE's ability to protect the public from the Debtors. Compton-Gratex is defunct. The DOE seeks to protect the general public from a corporation that is on its last leg, surviving only to pay off the real and true claimants of the estate. This Court cannot see any way the public is harmed by granting injunctive relief. This Court, on the contrary, furthers DOE's public policy by resolving the DOE claim more expeditiously than through the Office of Hearing and Appeals.

The Court finds that the recent Fifth Circuit case of *Gary Aircraft Corp. v. United States,* 698 F.2d 775 (5th Cir.1983) cited and relied on by the DOE is distinguishable to the case at bar. The *Gary Aircraft* case involved exclusive jurisdiction of the Court of Claims and proceedings initiated by the Debtor against the Armed Services Board of Contract Appeals prior to filing bankruptcy. Moreover, the only asset of the bankrupt's estate in the *Gary*

*Aircraft* case consisted of a $3,000,000 contractual claim against the United States government. In this case, the Office of Hearing and Appeals does not have exclusive jurisdiction. The sole purpose of the Office of Hearing and Appeals proceedings is to determine or liquidate the amount of the DOE's claim against the Debtors. The Court has ruled that the DOE claim is allowed and that it will be liquidated after the true creditors of Compton-Gratex have been paid their returns.

The injunctive relief requested by the Debtors, Compton-Gratex, is hereby granted and the DOE claim is allowed, but subordinated to all other claims against the estate.