**In the Matter of Ida Christine VEREEN, Debtor.**

**Charles CANNADY, Robert Simmons, Alfred Thorpes, Nathaniel Hart, Johnny Wardlaw, Wilbur Davis, Idell Speed, Frank Zachary, and William Nelson, Florida Rural Legal Services, Plaintiffs,**

**v.**

**Ida Christine VEREEN, Defendant.**

**In the Matter of Everett FLETCHER, SR., Debtor.**

**Charles CANNADY, et al., Plaintiffs,**

**v.**

**Everett FLETCHER, Sr., Defendant.**

**Bankruptcy Nos. 83–1186, 83–1187.**
**Adv. Nos. 83–796, 83–795.**

United States Bankruptcy Court
M.D. Florida,
Tampa Division.

Oct. 15, 1984.

---

Robert A. Williams, Florida Rural Legal Service Inc., Immokalee, for plaintiff.

Hal K. Litchford, Orlando, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter before the Court is a Complaint to Determine Dischargeability of Debt filed by Charles Cannady, Robert Simmons, Alfred Thorpes, Nathaniel Hart, Johnny Wardlaw, Wilbur Davis, Idell Speed, Frank Zachary and William Nelson, Florida Rural Legal Services (Plaintiffs) against the Debtor Everett Fletcher, Sr. An identical complaint was brought against Ida Christine Vereen, also a Chapter 7 Debtor, and the proceedings were consolidated. Based on § 523(a)(6) of the Bankruptcy Code, the Plaintiffs seek to except from the discharge of both Debtors, a debt represented by a judgment issued by the United States District Court in the amount of $5,500 individually and $37,190 jointly.

Both the Plaintiffs and the Debtors have moved for summary judgment contending that there are no issues of material fact and that the controversy may be resolved as a matter of law.

It is without dispute that the Plaintiffs were awarded damages by the United States District Court for the Middle District of Florida, for violations of the Farm Labor Contractor Registration Act (FLCRA) and the Truth in Lending Act (TILA). The sole issue in this proceeding is whether the Debtor's violations of FLCRA and TILA were willful and malicious as defined by § 523(a)(6).

The District Court found that both Debtors were farm labor contractors who recruited, solicited, hired and transported migrant farm workers and were subject to the requirements imposed by the FLCRA. The Debtors were found to have violated the following requirements of the Act:

(1) Failed to display a valid Certificate of Registration or Identification Cards;

(2) Transported migrant workers in vehicles without first submitting a doctor's certificate and evidence of an appropriate license;

(3) Failed to post the terms and conditions of employment as required by 7 U.S.C. § 2045(c);

(4) Failed to post the terms of occupancy as required by 7 U.S.C. § 2045(d) and 29 CFR § 40.5(i);

(5) Failed to promptly pay when due all money or things of value entrusted to the Debtors for the purpose of paying the Plaintiffs by the growers as required by 7 U.S.C. § 2045(g);

(6) Failed to provide Plaintiffs with itemized list of all sums withheld from Plaintiffs and the purpose thereof and all sums paid on account of the labor or each Plaintiff;

(7) Failed to keep payroll records as required by 7 U.S.C. § 2045(e) and 29 CFR § 40.51(k).

Although there was no direct evidence indicating that the violations were intentional, the District Court found the Debtors' acts to be intentional in that the Debtors were on notice of the requirements of the Statutes and each was presumed to have intended the natural consequences of his acts.

In addition, the District Court found that the Debtors were subject to the disclosure requirements of the TILA. The Defendants failed to comply with the TILA disclosure requirements and thus the District

Court imposed liability for infringements of the mandatory provisions of the Statute.

It is the position of the Debtors that the violations in question amount to no more than technical infringements of the Statutes involved in the suits which produced the judgments under consideration. The Debtors contend that the effect of these violations are nothing more than claims founded upon negligence or strict liability imposed by statute and do not constitute a willful and malicious injury as defined by § 523(a)(6), this brings the debt outside the protective provisions of the general discharge granted to individuals pursuant to § 727 of the Bankruptcy Code.

The Plaintiffs seek to except from discharge the statutorily imposed liability pursuant to § 523(a)(6) which provides as follows:

§ 523 Exceptions to Discharge

(a) A discharge under § 727, 1141, or this title does not discharge an individual from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6).

█ In order to except a debt from discharge under § 523(a)(6) the act must be both willful and malicious. The term willful has been defined as intentionally doing an act which necessarily leads to injury. An act is malicious if it was wrongful and one without just cause. *Bennett v. W.T. Grant Co.*, 481 F.2d 664 (4th Cir.1973).

As in the case before the Court, the District Court for the Southern District of New York, in *Deleon v. Gurda (In re Gurda)*, 15 B.R. 868 (S.D.N.Y.1981), was faced with the question of whether violations of the FLCRA were willful and malicious within the meaning of § 523(a)(6). The issue came before the District Court on an appeal taken from the Bankruptcy Court's denial of a partial summary judgment. The Plaintiffs/Appellees in *Gurda* were migrant farm workers who obtained a judgment against the Debtors for violating the FLCRA by intentionally engaging the services of an individual as a farm labor contractor without first determining that the individual was registered with the Secretary of Labor as required by 7 U.S.C. § 2045(c). The District Court was satisfied that the Debtors knew the individual was a farm labor contractor and the requirements of the FLCRA and, therefore, concluded that the Debtor intentionally violated the FCLA which constituted willful and malicious conduct within the meaning of § 17(a)(8). Despite the fact that *Gurda* was decided pursuant to § 17(a)(8) of the Bankruptcy Act, the Bankruptcy Court for the Southern District of Florida chose to follow the *Gurda* decision in *McCollough v. Anderson (In re Anderson)* 30 B.R. 229 (Bankr.S.D.Fla.1983). The Court in *Anderson* concluded that no change was intended under the Code and held that one who knowingly violates the FLCRA is guilty of willful and malicious conduct within the meaning of § 523(a)(6).

█ Unlike the Court in *Anderson*, this Court is satisfied that § 523(a)(6) materially differs from § 17(a)(8) of the Act. The legislative history of § 523 clearly expresses that the "reckless disregard" standard developed under the Act is no longer applicable. H.R.Rep. 95–595, 95th Cong., 1st sess. at 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. As a result, conduct which is merely negligent or even reckless will not constitute willful and malicious conduct inasmuch as the Code requires a stricter standard. For these reasons, this Court rejects the reasoning of *Gurda* and *Anderson* and is satisfied that there must be a showing of specific intent to except a debt from discharge under § 523(a)(6).

█ Exceptions to discharge are to be strictly construed and this Court is satisfied that the presumption of intent utilized to establish liability under the FLCRA does not alone satisfy the requirement of willful and malicious. Absent a showing of specific intent to harm, liability based upon a technical violation of a statute will not be declared non-dischargeable under § 523(a)(6).

In light of the foregoing, this Court is satisfied that there are no material issues of fact in dispute, that the controversy may be resolved as a matter of law and that based on this record, the Debtors are entitled to the entry of a summary judgment. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motions for Summary Judgment filed by Ida Christine Vereen and Everett Fletcher, Sr., be and the same is hereby granted. It is further

ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment filed by the Plaintiffs, Cannady, Simmons, Thorpes, Hart, Wardlaw, Davis, Speed, Zachary and Nelson be and the same is hereby denied. It is further

ORDERED, ADJUDGED and DECREED that judgment be and the same is hereby entered in favor of the Defendants Fletcher and Vereen, and against the Plaintiff's and the Complaint to Determine Dischargeability of Debt is hereby dismissed.