In re William L. EMBRY, Debtor.

BOATMEN'S BANK OF TENNESSEE, Plaintiff–Appellee,

v.

William L. EMBRY, Defendant–Appellant.

No. 93–5397.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 10, 1993.

Decided Dec. 3, 1993.

---

Robert E. Orians (briefed), Brian S. Katz, Martin, Tate, Morrow & Marston, Memphis, TN, for plaintiff-appellee.

Nan Barlow (briefed), Jack F. Marlow (briefed), Udelsohn, Blaylock & Marlow, Memphis, TN, for defendant-appellant.

Before: KENNEDY, MARTIN, and NELSON, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant-debtor William L. Embry appeals the District Court's order denying his motion to quash plaintiff's writ of garnishment. Plaintiff Boatmen's Bank of Tennessee executed the writ in order to satisfy defendant's debt to plaintiff, a debt which the Bankruptcy Court had held nondischargeable. Defendant's sole contention on appeal is that the District Court erred by failing to quash the garnishment because it violated the automatic stay imposed under the Bank-

ruptcy Code ("Code"), 11 U.S.C. § 362(a). For the reasons stated below, we affirm.

## I.

Defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee on March 14, 1989, which was subsequently converted to a Chapter 7 liquidation on November 27, 1989. On May 22, 1989, plaintiff filed a Complaint with the Bankruptcy Court seeking to have defendant's debt to it declared nondischargeable. On January 7, 1991, the Bankruptcy Court entered judgment in favor of plaintiff holding defendant's debt to plaintiff nondischargeable under 11 U.S.C. § 523(a)(2)(A) & (C).[1] On September 4, 1992, the United States District Court for the Western District of Tennessee affirmed.

On February 4, 1993, plaintiff garnished defendant's personal bank account, the monies from which are not property of the estate. The following day, defendant filed a motion in the District Court to quash garnishment and for actual and punitive damages arguing that the garnishment violated the automatic stay. On February 25, 1993, the District Court entered an order denying defendant's motion to quash garnishment on the ground that the automatic stay terminated when the Bankruptcy Court entered its order holding defendant's debt nondischargeable. Defendant appeals the order denying his motion to quash garnishment.

## II.

The sole question on appeal is whether the automatic stay was violated when plaintiff garnished defendant's property, which is not property of the estate, after the Bankruptcy Court entered judgment holding the debt nondischargeable. Defendant argues that the Bankruptcy Court's nondischargeability judgment alone, without a court order relieving plaintiff from the stay, did not terminate the stay and therefore plaintiff violated the stay by garnishing defendant's

---

1. The debt in question was a cash advance obtained by defendant in the amount of $64,000.00. Defendant told plaintiff that he needed the money to settle his pending divorce. Two days after obtaining the loan, defendant lost all of the money as part of a $343,000.00 wager in Las Vegas. The Bankruptcy Court held, and the District

Court affirmed, that the debt is nondischargeable as a debt obtained by false pretenses, 11 U.S.C. § 523(a)(2)(A), and as a consumer debt for "luxury goods or services," 11 U.S.C. § 523(a)(2)(C). Defendant does not appeal that holding to this Court.

bank account. Accordingly, defendant argues, the District Court erred by failing to quash the garnishment. ⁻The issue presented is a legal question and thus we review de novo. *See In re Flo–Lizer, Inc.,* 946 F.2d 1237, 1240 (6th Cir.1991).

The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case...." 11 U.S.C. § 362(a)(6). Section 362(b) enumerates exceptions to the stay. Section 362(c) provides for the termination of the automatic stay by operation of law. It reads in pertinent part:

Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual ..., *the time a discharge is granted or denied.*

11 U.S.C. § 362(c) (emphasis added). Only section 362(c)(2)(C) is at issue here.[2]

The defendant argues that "the time a discharge is granted or denied" refers to a general discharge under 11 U.S.C. § 727. Before executing on the nondischargeability judgment, defendant contends, plaintiff was required to either wait until there is a general discharge or request relief from the stay under 11 U.S.C. § 362(d), (e) or (f).

Defendant observes that section 362(b) provides specific exceptions to the operation of the automatic stay without including the type of obligation in this case. Defendant also relies on the Bankruptcy Court's decision in *In re Watson,* 78 B.R. 267 (Bankr. C.D.Cal.1987), *rev'd,* 78 B.R. 232 (9th Cir. 1987), which held that a nondischargeability judgment does not terminate the automatic stay. The Bankruptcy Court stated that

[s]ection 362(c) conspicuously lacks any automatic termination of the automatic stay for a judgment creditor of a nondischargeability judgment. The only automatic termination is provided in subsection 362(c)(1), where property has ceased to be property of the estate, such as by sale or foreclosure. All other creditors continue to be subject to the automatic stay until it lifts under subsection 362(c)(2), or until a court awards relief from stay.

78 B.R. at 270. A nondischargeability judgment, the court continued, is declaratory in nature and has no effect until a discharge is entered under 11 U.S.C. § 727. 78 B.R. at 271. The Bankruptcy Court's decision was followed in *In re Hulvey,* 102 B.R. 703, 704–05 (Bankr.C.D.Ill.1988) and *In re Tyhurst,* Nos. 91–2347–0, 91–20454–7, 1992 WL 25372, at *2 (D.Kan., Jan 09, 1992) (unpublished opinion).

The District Court below held that the nondischargeability judgment constituted a denial of discharge under section 362(c)(2)(C) and thus lifted the automatic stay as to the debt. The District Court adopted the reasoning of the Ninth Circuit Bankruptcy Panel, which reversed the bankruptcy judge in *Watson. See In re Watson,* 78 B.R. 232 (9th Cir.1987). The Ninth Circuit began by noting that section 523(a) excepts certain debts from the general discharge of section 727(a). *Id.* at 234; *see* 11 U.S.C. § 727(b). Because the general discharge has no effect on these nondischargeable debts, requiring the creditor to wait until the general discharge under section 727(a) gives the debtor "the opportunity to delay and/or hinder the creditor from executing upon post-petition property, which is not property of the bankruptcy estate, for no valid reason." *Id.* Therefore, the panel concluded, "the automatic stay provisions of Section 362 do not preclude the execution of a judgment, which has been held by the Bankruptcy Court to be nondischargeable, upon property of the debtor which is not property of the estate." *Id.* at 235.

██ We are persuaded by the Ninth Circuit's analysis and hereby adopt it for this

**2.** Subsections (d), (e) and (f) are inapplicable because plaintiff did not request relief from the stay. Section 362(c)(2)(A) and (B) does not apply because defendant's bankruptcy proceeding has not been closed or dismissed.

Circuit.[3] We further note our disagreement with the courts holding that execution of a nondischargeability judgment violates the automatic stay. Those courts assert that lifting the stay as to debts held nondischargeable would eliminate the distinction between section 362(b) exceptions, such as alimony payments which are not dischargeable, and the nondischargeable debts not listed therein. We disagree. The nondischargeable debts listed in section 362(b) are not automatically stayed by the filing of a bankruptcy petition. The burden is on the debtor or trustee to affirmatively seek injunctive relief from the enforcement of these debts. *See In re Tauscher*, 7 B.R. 918, 920 (Bankr.E.D.Wis. 1981). By contrast, debts such as defendant's that are nondischargeable under section 523(a), are subject to the automatic stay. They are only presumed to be nondischargeable. In the present case, plaintiff could not collect on defendant's debt without first obtaining the Bankruptcy Court order holding the debt nondischargeable. "During the time it took [plaintiff] to obtain its judgment of non-dischargeability, [defendant] enjoyed the benefit of the automatic stay." *Watson*, 78 B.R. at 234. Thus the position we adopt today serves the purpose of the automatic stay, "to give the debtor a breathing spell from his creditors and relieve him of the financial pressures that drove him to bankruptcy," *id.*, without requiring the creditor, released from discharge, to wait needlessly for the debtor's general discharge or denial thereof. We conclude, therefore, that once a Bankruptcy Court enters its judgment holding a debt nondischargeable, the automatic stay does not preclude execution of the judgment against property of the debtor which is not property of the estate.

### III.

For the reasons stated above, the order of the District Court denying defendant's motion to quash garnishment is **AFFIRMED.**

---

**3.** As the District Court correctly noted, this Court has already suggested our holding today. *See In re Merchant*, 958 F.2d 738, 741–42 (6th Cir. 1992).