### In re Liudmila A. STOROZHENKO, Debtor.

### No. 11–57443.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Sept. 16, 2011.

694

Aaron J. Scheinfield, Goldstein Bershad & Fried PC, Southfield, MI, for Debtor.

## OPINION REGARDING DAVID FINDLING, RECEIVER'S "MOTION FOR AN ORDER CONFIRMING THAT NO STAY IS IN EFFECT [ETC.]"

THOMAS J. TUCKER, Bankruptcy Judge.

This case came before the Court for hearing on August 24, 2011 on two motions. This opinion concerns one of those motions, namely the motion filed by the state court receiver, David Findling ("Findling") entitled "Motion for an Order Confirming That No Stay Is In Effect Pursuant to § 362(j) and LBR 4001–5(e)" (Docket # 16, the "Motion"). For the reasons stated below, the Court will deny the Motion.

In the Motion, Findling seeks an order determining that the automatic stay under 11 U.S.C. § 362(a) "is not in effect" to the extent that the stay does not preclude Findling from attempting to collect, from property that is not property of the bankruptcy estate, the pre-petition civil contempt judgment that Findling obtained against the Debtor, Liudmila Storozhenko, on June 22, 2011 in the Oakland County Circuit Court. That judgment held the Debtor in civil contempt, and required Debtor to pay Findling the sum of $106,144.73 (the "State Court Judgment").

■ In his Motion papers and during the August 24 hearing, Findling has asserted only one arguably colorable legal theory for obtaining the relief he seeks. That theory is based on Findling's contention that the $106,144.73 pre-petition debt owing by the Debtor under the State Court Judgment is nondischargeable in the

Debtor's Chapter 7 bankruptcy case, under either 11 U.S.C. §§ 523(a)(5) or 523(a)(15). Based on that proposition, Findling argues that under the Sixth Circuit's decision in *Boatmen's Bank of Tennessee v. Embry (In re Embry),* 10 F.3d 401 (6th Cir.1993), the automatic stay is not in effect, except as to actions to collect the debt from property of the bankruptcy estate.

Under 11 U.S.C. § 362(c)(2), the automatic stay under § 362(a), with respect to any act *other than* "an act against property of the estate," "continues until the earliest of—... (C) if the case is a case under Chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied." In the *Embry* case, the Sixth Circuit held that the phrase "the time a discharge is granted or denied" includes not only the time when a Chapter 7 debtor's discharge is denied altogether under 11 U.S.C. § 727(a), but also the time when an individual creditor's debt is determined by the bankruptcy court to be nondischargeable under § 523(a). As a result, when the bankruptcy court determines that a particular debt is nondischargeable under one or more provisions of § 523(a), the automatic stay terminates under § 362(c)(2)(C), with respect to any act that creditor may take to collect the nondischargeable debt, other than acts against property of the bankruptcy estate. *See* 10 F.3d at 403–04.

In this case, the Court has not yet made a determination that the Debtor's debt to Findling is nondischargeable under any provision of § 523(a). As a result, the automatic stay under § 362(a) has not yet terminated under *Embry* and under § 362(c)(2)(C). Rather, the automatic stay continues, and precludes Findling from taking any action to collect the State Court Judgment debt of $106,144.73. *See* 11 U.S.C. §§ 362(a)(1), 362(a)(2), and 362(a)(6).[1]

■ During the August 24 hearing, Findling urged the Court to make a determination now, in the context of deciding his Motion, that the June 22, 2011 State Court Judgment debt is nondischargeable, under either § 523(a)(5) (as a domestic support obligation), or § 523(a)(15). The Debtor disputes Findling's nondischargeability argument. She argues that neither § 523(a)(5) nor § 523(a)(15) applies to the debt, for several reasons. Resolving that dispute is not a simple matter in this case.

The Court declines to make a determination at this time, and in this procedural context, as to whether the debt at issue is nondischargeable under either § 523(a)(5) or § 523(a)(15). Findling has not followed the proper procedure established by the Federal Rules of Bankruptcy Procedure for seeking such determination from this Court. The proper procedure is to file an adversary proceeding, rather than seek such a nondischargeability determination by motion as a contested matter. *See* Fed.R.Bankr.P. 7001(6) (defining adversary proceedings to include "a proceeding to determine the dischargeability of a debt"); *In re Nutall,* No. 09–32525–H4–7, 2009 WL 2460864 at *3–4 (Bankr.S.D.Tex.

---

1. In his Motion and during the August 24 hearing, Findling did not argue that any of the exceptions to the automatic stay in § 362(b) apply to the $106,144.73 State Court Judgment. For example, Findling has made no effort to demonstrate that the state court judgment is a domestic support obligation, such that § 362(b)(2)(B) applies. That exception to the automatic stay is for "the collection of a domestic support obligation from property that is not property of the estate." In order to be a domestic support obligation, among other things, the debt would have to be "in the nature of alimony, maintenance, or support." 11 U.S.C. § 101(14A)(B). To date, Findling has not alleged this, and has made no effort to demonstrate this.

Aug. 11, 2009) (mem.) (explaining that "Courts have stated very clearly that a complaint initiating an adversary proceeding must be filed in order to obtain a proper determination of whether a particular debt should be discharged," as a reason for dismissing the creditor's pleading objecting to the debtor's discharge, which was filed in the main bankruptcy case rather than as an adversary proceeding). This is further confirmed by Fed. R.Bankr.P. 4007(a), (b), (c), and (d), all of which refer to the filing of a "complaint" to determine dischargeability of a debt. An adversary proceeding is commenced by the filing of a complaint, not a motion. *See* Fed.R.Civ.P. 3, made applicable in adversary proceedings by Fed.R.Bankr.P. 7003. A contested matter, by contrast, is initiated by the filing of a motion, as Findling did here. Fed.R.Bankr.P. 9014(a).

Thus, Findling must file an adversary proceeding in order to obtain any determination that the debt in question is nondischargeable, under any provision of § 523(a). Findling has cited no authority holding otherwise.

In his Motion, Findling made the following argument:

> The Sixth Circuit, in the case of *In re Embry*, 10 F.3d 401 (1993) has adopted a standard which provides that non-dischargeable obligations are not subject to the automatic stay.

This is an overly broad and incorrect interpretation of *Embry*. In support of his argument, Findling quoted from the following passage in *Embry* (Findling quoted the portion highlighted in bold below):

> **The nondischargeable debts listed in section 362(b) are not automatically stayed by the filing of a bankruptcy petition. The burden is on the debtor or trustee to affirmatively seek injunctive relief from the enforcement of these debts.** *See In re Tauscher*, 7

B.R. 918, 920 (Bankr.E.D.Wis.1981). By contrast, debts such as defendant's that are nondischargeable under section 523(a), are subject to the automatic stay. They are only presumed to be nondischargeable.

10 F.3d at 404 (*emphasis added*). During the August 24 hearing, when questioned about the meaning of this quotation from *Embry*, Findling abandoned the above argument. Even if he had not done so, however, the Court would reject the argument. The quoted passage from *Embry* simply means that with respect to acts that are excepted from the automatic stay by § 362(b), the filing of the bankruptcy petition does not give rise to an automatic stay; but rather, in order to obtain a stay the debtor must affirmatively seek an injunction under § 105(a) against the creditor. The only case cited by the Sixth Circuit in the *Embry* quotation above, *In re Tauscher*, 7 B.R. 918, 920 (Bankr. E.D.Wis.1981), says only this. Neither *Embry* nor *Tauscher* held that the automatic stay under § 362(a) does not apply to debts which are nondischargeable, but which the bankruptcy court *has not yet determined to be nondischargeable.*

An additional problem with Findling's now-abandoned argument under *Embry* is that, as discussed in footnote 1 of this opinion, Findling has not demonstrated or attempted to demonstrate that any of the provisions of § 362(b) apply to the State Court Judgment debt at issue.

This Court has not yet made a determination that the debt in question is nondischargeable under any provision of § 523(a), and the Court declines to consider this issue on the merits now, because Findling must file an adversary proceeding to obtain such a determination. As a result, there is no basis for ruling that the automatic stay under § 362(a) does not

currently apply to any effort by Findling to collect the State Court Judgment.

For these reasons, the Court will file an order denying Findling's Motion, without prejudice to Findling's right to file an adversary proceeding seeking a determination of nondischargeability under any one or more of the provisions of 11 U.S.C. § 523(a), and without prejudice to Findling's right to seek an order determining that the automatic stay no longer applies, if and after Findling first has obtained a judgment of nondischargeability from this Court.