*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 21b0001n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

---

IN RE:  LEONARD NYAMUSEVYA, SR., fdba  Academic I Am,

*Debtor*.

No. 19-8027

---

LEONARD NYAMUSEVYA, SR., fdba Academic I Am,

*Appellant*,

*v*.

CITIMORTGAGE, INC.,

*Appellee*.

---

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
No. 2:19-bk-52868—John E. Hoffman, Bankruptcy Judge.

Decided and Filed:  January 20, 2021

Before: CROOM, DALES, and MASHBURN, Bankruptcy Appellate Panel Judges.

---

### COUNSEL

**ON BRIEF:**  Kara A. Czanik, DINSMORE & SHOHL LLP, Cincinnati, Ohio, for Appellee. Leonard Nyamusevya, Reynoldsburg, Ohio, pro se.

———————————

**OPINION**

———————————

SCOTT W. DALES, Bankruptcy Appellate Panel Judge. An unrepresented debtor, Leonard Nyamusevya, Sr. ("the Debtor"), appeals from an order in his no-asset chapter 7 case denying several requests for relief from imminent foreclosure or eviction, as well as his lender's motion for relief from the automatic stay. On the whole, the bankruptcy court found that it did not have the authority to grant the Debtor's requests. Regarding the lender's motion for relief from stay, the bankruptcy court denied the motion as moot because the automatic stay had already expired as a matter of law upon the abandonment of the property and entry of the discharge. With respect to the Debtor's challenges related to his lender's claim and lien, the court concluded these controversies belonged in state court because any resolution would not affect the no-asset bankruptcy estate or proceedings. The bankruptcy court's decisions cleared the path for the lender to resume its decade-long foreclosure efforts in Ohio's courts against its exceedingly litigious borrower. For the reasons the bankruptcy court gave when making its rulings, we affirm.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).

A disappointed litigant may appeal from a final order of the bankruptcy court as of right pursuant to 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)).

Each of the bankruptcy court's decisions embodied in the orders under review stemmed from its legal conclusions that the property at the heart of the dispute was no longer included

within the bankruptcy estate, that there would be no distribution in the Debtor's no-asset chapter 7 case, and that the court lacked the authority to grant relief to the Debtor. Because none of these decisions involved disputed issues of fact, the Panel reviews the bankruptcy court's order *de novo*, which is to say, without any deference.

**FACTS**

More than ten years ago, CitiMortgage, Inc., started foreclosure proceedings in the Franklin County, Ohio, Court of Common Pleas against the Debtor's residence at 2064 Worcester Court, Columbus, Ohio ("the Property"). The Debtor vigorously defended against the proceedings, but on May 20, 2014, the Court of Common Pleas entered a Judgment Entry and Decree in Foreclosure. After the Debtor appealed from the foreclosure judgment, the appellate court affirmed in part and reversed in part, and remanded the matter to determine the amount due on the loan. After the remand, the Court of Common Pleas entered a directed verdict in November 2018 granting CitiMortgage judgment in its favor in the amount of $98,452.56 plus interest. On the Debtor's further appeal, the appellate court issued a stay of the foreclosure sale but conditioned that stay upon the Debtor's timely posting of a supersedeas bond. The Debtor did not timely post the bond, but instead filed a voluntary chapter 13 petition on May 1, 2019, before converting his case to a liquidation proceeding under chapter 7.[1]

At every stage of his bankruptcy proceeding, and contrary to the conclusions of the Ohio courts, the Debtor has argued that CitiMortgage is wholly unsecured and that its mortgage is void. In the bankruptcy court he filed many unsuccessful motions and three adversary proceedings all with the aim of negating CitiMortgage's claim and mortgage. CitiMortgage filed motions to dismiss each of the adversary proceedings based on the *Rooker-Feldman* doctrine and *res judicata* as the issues had previously been decided in the prebankruptcy foreclosure proceedings. Those motions are still pending in the bankruptcy court and are not before the Panel.[2]

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. In addition, the Panel will refer to any Federal Rule of Bankruptcy Procedure simply as "Rule ___."

[2]There has been no activity in the adversary proceedings in over a year. The Debtor did not file responses to the motions to dismiss and the bankruptcy court never scheduled hearings.

In September 2019, CitiMortgage formally asked the Trustee to abandon the Property, which, after an objection period under the bankruptcy court's local rules, prompted the Trustee to file a notice of abandonment. The Trustee's notice declares that the Property offered no benefit to unsecured creditors and was of inconsequential value to the estate. (*In re Nyamusevya*, Bankr. Case No. 2:19-bk-52868 ECF No. 111.) The Debtor did not object to the abandonment, evidently believing that it would somehow strip CitiMortgage of its rights, instead of revesting the Property in the Debtor, subject to CitiMortgage's pre-bankruptcy mortgage.

CitiMortgage moved for relief from the automatic stay under 11 U.S.C. § 362(d) in the fall of 2019 in a bid to resume the foreclosure, and the Debtor opposed the motion. While the motion remained pending, but before conducting a hearing, the bankruptcy court entered a discharge order under § 727, which Rule 4004(c)(1) obliged it to do "forthwith" upon the satisfaction of several conditions not at issue in this appeal.

On November 26, 2019, the bankruptcy court entered a "clean-up" order addressing the lender's stay relief motion and the Debtor's several outstanding motions. Recognizing that the Property had been abandoned by the Trustee and that the Debtor had received a discharge, the bankruptcy court determined that CitiMortgage's motion for relief from stay was moot. This decision had the effect of confirming that the automatic stay no longer shielded the Property from the lender's foreclosure efforts – a result obviously at odds with the Debtor's efforts to retain his home. The bankruptcy court also denied the Debtor's motions to void CitiMortgage's liens on the Property and to quiet title, similarly disappointing the Debtor. The court also overruled the Debtor's objection to CitiMortgage's proof of claim. In response to these adverse rulings, the Debtor moved for reconsideration, then filed a notice of appeal (together with a motion for stay pending appeal).

The bankruptcy court denied the Debtor's motion for reconsideration and the Debtor's motion for stay pending appeal, prompting him to amend his notice of appeal to seek review of the order denying the motion for reconsideration and the stay pending appeal.

Before this Panel, the Debtor continued to engage in motion practice, filing motions for stay pending appeal, which the Panel denied. The Debtor appealed the Panel's decision denying

a stay pending appeal to the Sixth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction. Without information to the contrary, the Panel assumes the foreclosure and possible eviction at the crux of this dispute have not yet occurred.

## DISCUSSION

Remarkably, the Debtor has managed to resist foreclosure for more than a decade, evidently through vigorous assertion of his rights in the Ohio trial and appellate courts, the bankruptcy court, before this Panel, and briefly before the United States Court of Appeals. His motion papers are both confusing and confused, but no less effective, so far it seems, in delaying CitiMortgage's collection efforts. Nevertheless, after careful review of his voluminous filings, the Panel perceives no merit in the challenges to the bankruptcy court's orders which, in the main, rest on the solid premise that the court's authority to grant further relief to the Debtor, beyond his discharge, has come to its legal and logical conclusion.

The historical recitation in the preceding section of this opinion may be useful in understanding the context of this dispute, but the facts material to the dispute are few and incontrovertible: (1) the chapter 7 trustee filed an unchallenged report last year indicating that there would be no distribution to creditors (the "No Asset Report"); (2) the bankruptcy court entered a discharge order relieving the Debtor of his personal obligation to repay his debts; and (3) the Trustee abandoned the Property under § 554 without objection.

In this appeal, the Debtor does not take issue with the No Asset Report nor does he challenge his own discharge. Rather, although he did not timely oppose the proposed abandonment, he now contends that the Trustee did not properly abandon the Property. Through this argument, he hopes to persuade the Panel that the Property remains within the estate, and thereby regain the benefit of the automatic stay.

The bankruptcy court's declaration that the automatic stay no longer protected the Property from CitiMortgage's efforts to foreclose its mortgage -- a declaration denying the lender's motion as moot -- involved a straightforward application of § 362(c). The Trustee's abandonment of the Property removed it from the estate, and "the stay of an act against property of the estate under subsection (a) of this section [362] continues until such property is no longer

property of the estate." 11 U.S.C. § 362(c)(1); *Boatmen's Bank of Tenn. v. Embry* (*In re Embry*), 10 F.3d 401, 403 (6th Cir. 1993) (noting that this section operates automatically to terminate the stay when property leaves the estate).

Similarly, because the Debtor is an individual pursuing relief under chapter 7, the entry of the discharge terminated the automatic stay in all other respects, including as applied to the Debtor personally (*in personam*) and to his property (*in rem*). 11 U.S.C. § 362(c)(2)(C). After the discharge and the abandonment, the Property resumed its pre-bankruptcy status as "property of the debtor," subject to CitiMortgage's pre-bankruptcy lien. Evidently desirous of continuing the automatic stay to further postpone the foreclosure, the Debtor challenges the abandonment through this appeal.

The Panel will turn first to the abandonment challenge, before considering the bankruptcy court's rejection of the Debtor's various and sundry challenges to CitiMortgage's lien and claim.

I.      Debtor's Challenge to the Abandonment

Section 554(a) of the Bankruptcy Code allows a trustee, after notice and a hearing, to abandon property that is burdensome or of inconsequential value and benefit to the estate. Unless a court orders a trustee to abandon property, the trustee's abandonment power has long been regarded as discretionary. *See First Nat'l Bank v. Lasater*, 196 U.S. 115, 118–19, 25 S. Ct. 206, 207–08 (1905); *Morgan v. K.C. Mach. & Tool Co.* (*In re K.C. Mach. & Tool Co.*), 816 F.2d 238, 246 (6th Cir. 1987); *In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994).

> Courts defer to the trustee's judgement [sic] and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion. *Interpictures, Inc.*, [168 B.R.] at 535. The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate.

*In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citing *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997)), *aff'd*, 112 F. App'x 868 (3d Cir. 2004). "The decision whether to abandon property of the estate is left to the trustee rather than [the] court in the first instance." *Church Joint Venture, L.P. v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 872 (B.A.P. 6th Cir. 2019) (citation omitted); *In re Meyers*, 139 B.R. 858 (Bankr. N.D. Ohio 1992).

As noted above, the Debtor did not oppose the abandonment before it took effect, only belatedly arguing that the process for abandonment was not properly followed in his case. He asserts that because CitiMortgage filed a "notice" requesting the Trustee to abandon the Property instead of a "motion" asking the bankruptcy court to require the Trustee to abandon the Property, the Property was not abandoned. This is incorrect because it confuses two of the three paths to abandonment under § 554 and Rule 6007.

Rule 6007(a) requires notice of proposed abandonment, and incidentally does not list a debtor as a party entitled to such notice, while subsection (b) allows a party in interest to file a motion to have the court require the trustee or debtor in possession to abandon property. At the time in question, the Bankruptcy Court for the Southern District of Ohio, by local rule, allowed creditors to ask the trustee to abandon property under subsection (a) rather than requiring a motion asking the bankruptcy court to require the trustee to do so under subsection (b). Local Bankruptcy Rule 6007-1(a)(1) (superseded effective Oct. 1, 2020).[3] Prior to its recent amendment, the bankruptcy court's local rule authorized a trustee to give general notice of proposed abandonments in the § 341 notice while advising interested parties that they could request further notice of proposed abandonments. CitiMortgage observed this process and the Debtor, who responded to the lender's notice, obviously had notice of the proposed abandonment. He registered no objection.

The Southern District of Ohio's local rule governing abandonment, then and now, recognizes the chapter 7 trustee's discretion and authority to abandon property without bankruptcy court involvement when no one objects. It also facilitates the trustee's duty under § 725 to dispose of property in which an entity other than the estate has an interest. Similarly, the local process comports with Rule 6007(a), which contemplates judicial involvement in the abandonment process only upon objection of an interested party. The text of § 554(a), read in light of § 102(1)(B)(i), is to similar effect. This extrajudicial procedure likely reflects the aim of Congress, when enacting the 1978 Code, to remove the court from many matters of

---

[3]The bankruptcy court has since amended its local procedures governing abandonment in chapter 7 cases, but trustees may still effect abandonments without judicial involvement. *See* United States Bankruptcy Court for the Southern District of Ohio Local Bankruptcy Rule 6007-1(a)(1) (effective Oct. 1, 2020).

administration. *Meoli v. Huntington Nat'l Bank* (*In re Teleservices Grp., Inc.*), 456 B.R. 318, 333 (Bankr. W.D. Mich. 2011) ("A Code trustee, unlike his predecessor under the former Act, is not expected to first secure authority from the bankruptcy court before engaging in any of the mundane tasks that he encounters from day-to-day."). Local Bankruptcy Rule 6007-1(a)(1), in effect at the relevant time, embraces this Code-based philosophy favoring non-judicial administration.

In this case, CitiMortgage filed a notice asking the Trustee to abandon the Property through the exercise of her authority under § 554(a). The Debtor received notice of the request, but he did not file an objection. In fact, he filed his own document arguing that the Trustee had already abandoned the Property, although the Debtor's position probably reflected his misunderstanding of "abandonment" as a term of art. In the absence of any objection, the Trustee abandoned the Property on October 16, 2019, filing a document effectuating her determination, after notice and an opportunity for a hearing, that the Property was of inconsequential value to the estate. This act removed the Property from the bankruptcy estate.

The Debtor is only now changing his tune on the abandonment because he has discovered that because the Property is no longer part of the bankruptcy estate, it is no longer covered by the automatic stay. He now argues that the bankruptcy court deprived him of due process because it did not hold a hearing prior to the abandonment. The Panel handily rejects the due process challenge.

First, a due process challenge generally requires deprivation of a liberty or property interest, but here the abandonment did not deprive the Debtor of any property – indeed, it returned the Property to him:

> The effect of abandonment by a trustee, whether accomplished by affirmative act under 11 U.S.C. § 554(a) or (b) or by failure of administration under subparagraph (c), is to divest the trustee of control over the property because once abandoned, property is no longer a part of the bankruptcy estate." *In re Sills*, 126 B.R. 974, 976 (Bankr. S.D. Ohio 1991). "When property is abandoned, it ceases to be property of the estate and reverts to the debtor." *Sills*, 126 B.R. at 976 (citing *Brown v. O'Keefe*, 300 U.S. 598, 602, 57 S. Ct. 543, 81 L. Ed. 827 (1937)).

*In re Haber*, 547 B.R. 252, 258 (Bankr. S.D. Ohio 2016). Under the circumstances, abandonment could not deprive a debtor of property, which probably explains the omission of the debtor from the parties entitled to notice under Rule 6007. Therefore, when the Trustee abandoned the Property on October 16, 2019, her act revested the Property in the Debtor. The statutory consequence of that revesting, it is true, terminated the protection of the automatic stay as to the estate's interest in the Property, but that did not deprive the Debtor of an interest in the Property.

Second, the Bankruptcy Code's own rule of construction specifies what process is due in the case of abandonments, and because the Debtor did not timely request a hearing, he received all the process he was due. When Congress uses the phrase "after notice and a hearing" or similar phrasing in the Code, it expressly authorizes an act without an actual hearing when there is proper notice and "a hearing is not requested timely by a party in interest." 11 U.S.C. § 102(1)(B). Regardless of whether the Debtor is a party in interest with respect to an abandonment and was entitled to notice, he received notice of CitiMortgage's request for abandonment and the Trustee's proposed abandonment itself. He did not request a hearing or file an objection to either document. Accordingly, Rule 6007(a) together with § 102(1) made the abandonment effective without an actual hearing and without a court order. A person with notice of proposed action who does not avail himself of a court process to prevent that action cannot later complain that he did not get the process he was due.

Similarly, to the extent the automatic stay enjoined actions or proceedings "against the debtor" personally under § 362(a) or "against property of the debtor," the bankruptcy court correctly applied § 362(c)(2)(C), which terminated that aspect of the automatic stay automatically upon the entry of the discharge on November 21, 2019. Although the discharge injunction at that point protected the Debtor, it did not protect the Property to the extent of CitiMortgage's lien. *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim -- namely, an action against the debtor *in personam* -- while leaving intact another -- namely, an action against the debtor *in rem*."); 11 U.S.C. § 524(j). In other words, the Debtor's discharge precludes

CitiMortgage from collecting its debt directly from the Debtor himself (*in personam*) but does not prevent CitiMortgage from liquidating the Debtor's Property to satisfy the debt (*in rem*).

Accordingly, the legal premises of the bankruptcy court's order denying the stay relief motion as moot (and declaring the Property no longer protected by the automatic stay) are entirely correct.

## II.     Debtor's Challenge to the Validity of the Mortgage

The Debtor asserts the Panel "should decide that the question of what is the Debtor's CitiMortgage 'debt' for purposes of the Bankruptcy Code and dischargeability is a question of Bankruptcy law not state law." (Appellant's Corrected Br. at 5.) Then one page later in his brief he asserts the Panel "should apply and enforce [Ohio Rev. Code Ann.] § 2329.02 and [Ohio Rev. Code Ann.] § 5309.53 and [Ohio Rev. Code Ann.] § 5309.54, in order to permanently and wholly terminating [sic] and extinguishing [sic] any CitiMortgage's encumbrances and lien and claim against the Debtor and against the Debtor's Property." (*Id.* at 6.) The Debtor's brief reflects his failure to understand the nature of secured claims, the role of the bankruptcy court, and the limits of appellate jurisdiction.

The Debtor received a discharge of his personal liability, which statutorily enjoined CitiMortgage from collecting the debt as a personal obligation but left CitiMortgage's lien rights, whatever they may be, unaffected by the bankruptcy. As noted above, the discharge did not release CitiMortgage's liens against the Property. With very few exceptions (none of which are relevant here), "liens and other secured interests survive bankruptcy." *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825, 1829 (1991). "The concept that a lien 'rides through' bankruptcy is axiomatic." *Bentley v. OneMain Fin. Grp.* (*In re Bentley*), No. 19-8026, 2020 WL 3833069, at *6 (B.A.P. 6th Cir. July 8, 2020).

Similarly, the "abandonment has no effect upon the validity of the liens encumbering the property, the practical effect of the election is to remove the asset entirely from the jurisdiction of the bankruptcy court." *In re Polumbo*, 271 F. Supp. 640, 643 (W.D. Va. 1967) (citation omitted). As the *Polumbo* court noted long ago, abandonment "is simply a declaration by the

trustee that the bankrupt estate wants nothing further to do with the property and that the lienors are free to proceed against it just as they normally would under applicable state law." *Id.*

The Debtor also mistakenly assumes that the bankruptcy court is the appropriate forum for litigating the validity or extent of his lender's lien. It is certainly true that bankruptcy courts have authority to make such decisions, but they generally invoke that authority when a decision would affect the collective proceeding, not simply at the behest of a debtor seeking to revisit an unfavorable pre-bankruptcy ruling. In the present case, the bankruptcy court did not reach any conclusions regarding the lien because it had no reason to do so: the Trustee had determined, without objection and at the request of the lienholder, that the Property was of inconsequential value or benefit to the estate, and her abandonment was an act of jurisdictional significance, removing the Property from the bankruptcy court's exclusive *in rem* jurisdiction. 28 U.S.C. § 1334(e). Under the circumstances, the bankruptcy court simply declared, as a statutory matter, that due to the abandonment and discharge, the automatic stay was no longer in effect as to the Property, and CitiMortgage could proceed against the Property in state court. This decision deprived the Debtor of nothing, other than a federal forum in which to relitigate the validity of CitiMortgage's liens, and under the circumstances, an inferior forum at that.[4]

As for the Debtor's campaign to undermine CitiMortgage's claim (in addition to its lien), the crusade is pointless: the discharge protects him from personal liability within and without the bankruptcy proceeding, and the Trustee's No Asset Report moots any argument about distribution under the Bankruptcy Code and Rules.

The Debtor seems to urge the Panel to consider anew the validity of CitiMortgage's liens, presumably because the bankruptcy court has not done so, but this argument misapprehends the role of an appellate court. Because the bankruptcy court did not consider the validity of the liens, the Panel has no role in this regard, other than to consider whether the bankruptcy court properly failed to reach the issue. The bankruptcy court properly declined to review the validity of the CitiMortgage lien, and as "a court of review, not of first view," *Cutter v. Wilkinson*,

---

[4]If the validity of the mortgage were somehow before the Panel, the *Rooker-Feldman* doctrine would likely prohibit review of the state court's orders. The Panel is mindful of that jurisdictional limitation but does not reach the issues raised in the adversary proceedings that remain pending before the bankruptcy court.

544 U.S. 709, 718 n.7, 125 S. Ct. 2113, 2120 n.7 (2005), the question of its validity is not before the Panel.  Moreover, as far as the record shows, the Debtor's claims against CitiMortgage in the adversary proceedings remain pending.

III.     Undeveloped Issues

The Debtor listed several issues in his notice of appeal that he did not adequately brief or did not properly assert below.  For example, his passing reference to a Rule 2004 examination, failure to penalize CitiMortgage for its supposedly under-documented proof of claim under Rule 3001(c)(2)(D)(i), an unraised recusal issue, and the court's failure to make a criminal referral of CitiMortgage under 18 U.S.C. § 3057, provide sufficient illustration.  Issues not properly developed are waived on appeal.  *In re Blasingame*, 598 B.R. at 873–74  (issues waived where appellant did not develop any meaningful argument regarding certain objections in its appellate briefs); *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citations omitted)).  Moreover, appellate courts ordinarily do not consider issues raised for the first time on appeal. *R.D.F. Devs., Inc. v. Sysco Corp.* (*In re R.D.F. Devs., Inc.*), 239 B.R. 336, 340 (B.A.P. 6th Cir. 1999) (quoting *Koenig Sporting Goods, Inc. v. Morse Road Co.* (*In re Koenig Sporting Goods, Inc.*), 229 B.R. 388, 389, n. 1 (B.A.P. 6th Cir. 1999) (internal citations omitted)).

The Panel has considered these and the Debtor's other undeveloped arguments and regards them as waived.

**CONCLUSION**

This appeal boils down to patent procedural facts.  The Property was abandoned without objection and is no longer included in the bankruptcy estate.  The Debtor has received a discharge.  Nothing in the bankruptcy court's order or today's decision deprives the Debtor of any remedies relating to the Property that may be available in State Court, if any remain at this late date despite the extensive prebankruptcy litigation.  The bankruptcy court sensibly declared the statutory consequences of the abandonment and discharge, and its order is AFFIRMED in every respect.